**Electronically Filed
Intermediate Court of Appeals
CAAP-24-0000387
28-APR-2026
01:36 PM
Dkt. 284 SO**

NOS. CAAP-24-0000387 AND CAAP-24-0000389

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

**CAAP-24-0000387**
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BONNY N. EVANS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CASE NO. 3DTA-24-00238)

and

**CAAP-24-0000389**
STATE OF HAWAIʻI, Plaintiff-Appellee, v.
BONNY EVANS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(CASE NO. 3DTC-23-022007)

**SUMMARY DISPOSITION ORDER**
(By: Hiraoka, Presiding Judge, Wadsworth and Guidry, JJ.)

Defendant-Appellant Bonny N. **Evans** appeals from two judgments entered by the District Court of the Third Circuit, Puna Division on April 25, 2024.[1]  We affirm.

On April 26, 2023, Evans was cited for driving without a license in the **Traffic Case**.  She appeared without counsel to answer the summons.  She was referred to the public defender's office.  After several continuances, the return hearing was set for January 30, 2024.  She did not appear.  A bench warrant for contempt of court was issued.

---

[1]     The Honorable Jeffrey A. Hawk presided.

Evans was arrested on February 12, 2024, for the contempt charge, starting the **Contempt Case**. She was released from custody and ordered to appear on March 19, 2024, for arraignment and plea. Private counsel was appointed because the public defender's office had a conflict of interest. At the March 19, 2024 hearing, appointed counsel moved to withdraw because of a conflict of interest. The motion was granted and the hearing was continued to April 25, 2024. The court appointed Pueo K. **McGuire**-Turcotte to represent Evans.

Evans appeared with McGuire on April 25, 2024, for a consolidated hearing in the Traffic and Contempt cases. The State offered, and Evans accepted, a plea agreement. Evans would plead no contest to the contempt charge and be sentenced to time served, and the State would dismiss the Traffic Case. The trial court conducted a colloquy, after which Evans pleaded no contest to the contempt charge. She was sentenced to one day in jail with credit for time served. Evans thanked the court. A judgment was entered in the Traffic Case dismissing the charge of driving without a license. A judgment was entered in the Contempt Case finding Evans guilty of contempt of court and imposing a sentence of one day with credit for time served.

Evans, representing herself, filed a notice of appeal from the judgments in the Traffic Case and the Contempt Case on May 24, 2024, creating CAAP-24-0000387. Again representing herself, she filed a duplicate notice of appeal on May 28, 2024, creating CAAP-24-0000389.[2] We consolidated the appeals by order entered on April 2, 2026.

Evans's opening brief states ten points of error but makes eleven numbered arguments.

**(1)** Evans contends she was deprived of effective assistance of counsel because McGuire "allowed" her to plead no contest to the contempt charge despite knowing she had a meritorious defense. "The burden of establishing ineffective

---

[2] The duplicate notice of appeal was unnecessary, but timely because the thirtieth day after entry of the April 25, 2024 judgments was Saturday, May 25, 2024, and Monday, May 27, 2024 was the Memorial Day holiday. Hawaiʻi Rules of Appellate Procedure Rules 4(b) and 26(a).

assistance rests with the defendant and can only be met by demonstrating [that] specific errors or omissions resulted in the withdrawal or substantial impairment of a meritorious defense." State v. De Guair, 108 Hawaiʻi 179, 187, 118 P.3d 662, 670 (2005).

The record does not show that McGuire "allowed" Evans to plead no contest. The trial court engaged Evans in an extensive colloquy, during which she acknowledged she wanted to plead no contest to the contempt of court charge; her mind was clear; she wasn't under the influence of alcohol, medication, or illegal drugs; she understood the contempt charge; she was aware the maximum penalty was thirty days in jail and a $1,000 fine; and she could plead not guilty and go to trial, cross-examine anyone testifying against her, call her own witnesses, either testify in her own defense or not testify and her silence would not be used against her, and the State would have to prove her guilt beyond a reasonable doubt.

The trial court then asked her, "So knowing all this that I've gone over with you, do you still want to enter this no contest plea?"

Evans answered, "Yes."

"Are you entering the plea of your own free will?"

"Yes," Evans replied.

"Is anyone forcing you to do this?"

"No," said Evans.

The colloquy conformed with Hawaiʻi Rules of Penal Procedure (**HRPP**) Rule 11(c). The trial court found her no contest plea to be knowing, intelligent, and voluntary, and accepted it, consistent with HRPP Rule 11(e).

Evans does not explain what her defense was, or what she told McGuire about it. We cannot determine whether it was potentially meritorious. On this record, we cannot conclude McGuire was ineffective.

**(2)** Evans contends the trial court erred by accepting her no contest plea despite knowing she had "meritorious defenses." We review a trial court's acceptance of a no contest

3

plea for abuse of discretion.  <u>De Guair</u>, 108 Hawaiʻi at 191, 118 P.3d at 674.

"No contest" is "a type of plea which may be entered with leave of court to a criminal complaint or indictment by which *the defendant does not admit or deny the charges*, though a fine or sentence may be imposed pursuant to it."  <u>Id.</u> at 189, 118 P.3d at 672 (brackets omitted).  "[T]here is no requirement that the court elicit a factual basis for a no contest plea[.]"  <u>Id.</u> at 191, 118 P.3d at 674.  The trial court acted within its discretion by accepting Evans's no contest plea after finding it was knowing, intelligent, and voluntary.

**(3)**  Evans contends her plea "was not entered in an intentional, knowing and voluntary manner" because she only "somewhat" discussed the charge, and her possible defenses, with McGuire, whom she claims ineffectively "failed to fully inform her of the nature of the charge . . . and the possible defenses[.]"

During their colloquy, Evans told the trial court she understood the charge of contempt of court.  She said she "did somewhat discuss the charge and defenses" with McGuire.  She said she understood that if she pleaded not guilty and went to trial, the State would have to prove her guilt beyond a reasonable doubt.  She said she still wanted to plead no contest.

The record does not reflect what Evans and McGuire discussed about the contempt charge and any potential defenses.  On this record, we cannot conclude that McGuire was ineffective, or that the trial court clearly erred by finding Evans's no contest plea to be knowing, intelligent, and voluntary.

**(4)**  Evans contends the trial court erred by conducting "a woefully inadequate change of plea advisement, a colloquy that failed to ensure that Evans [sic] No Contest plea was entered in an intentional, knowing and intelligent manner."

No "change of plea advisement" was necessary because Evans did not enter a plea before the April 25, 2024 hearing during which she pleaded no contest.  The trial court's colloquy complied with HRPP Rule 11(c), and its finding that Evans's no

4

contest plea was knowing, intelligent, and voluntary was not clearly erroneous. Evans's fourth point of error lacks merit.

**(5)** Evans contends the colloquy "was prejudicially incorrect and misleading because it failed to properly account for prior proceedings and it failed to advise Evans that she could persist in her not guilty plea."

Evans argues she "already pled not guilty at her February 12, 2024 arraignment and plea." She did not; she was referred to the Office of the Public Defender for representation and given appearance dates. Her fifth point of error lacks merit.

**(6)** Evans contends the trial court "erred by failing to consider documented institutional protection of domestic violence perpetrator." She cites only to the transcript of the April 25, 2024 hearing, during which she pleaded no contest to the contempt charge. Neither her point of error nor her argument cites to the record where the evidence she claims the trial court failed to consider can be found. See Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4) and (7). We are not obligated to search the record for information that should have been provided by Evans. Haw. Ventures, LLC v. Otaka, Inc., 114 Hawaiʻi 438, 480, 164 P.3d 696, 738 (2007) (citing Lanai Co. v. Land Use Comm'n, 105 Hawaiʻi 296, 309 n.31, 97 P.3d 372, 385 n.31 (2004) (explaining that an appellate court "is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions")). We disregard her argument.

**(7)** Evans contends the trial court "erred by failing to hold counsel accountable for express conflict [sic] of interest." She argues the trial court took "no corrective action" for what she claims was McGuire's conflict of interest, but she doesn't specify what corrective action she thinks the court should have taken. The court granted McGuire's motion to withdraw and appointed substitute counsel on November 7, 2024. There was no error.

**(8)** Evans contends the trial court "erred by applying dual standards of procedural compliance." She cites only to the transcript of the April 25, 2024 hearing, during which she pleaded no contest to the contempt charge. The transcript does not support her point or her argument.

**(9)** Evans contends the trial court "erred by failing to recognize the fruit of the poisonous tree doctrine regarding license stopper." She claims to have been arrested on February 9, 2024, based on a "license stopper." But she was arrested for the contempt charge at issue here on February 12, 2024. She again cites to the transcript of the April 25, 2024 hearing, but it contains no reference to a "license stopper" or to a February 9, 2024 arrest. Her ninth point of error lacks merit.

**(10)** Evans's tenth point of error contends someone named Van Leer ineffectively represented her by "allowing" the "improper severance of charges from a single incident into multiple cases (3DCW-24-0000400, 3CPC-24-0000136, 3DTA-24-00238/239)[.]" The record does not show that Evans was represented by an attorney named Van Leer in the proceedings before the trial court or in these appeals, which only involve JIMS case nos. 3DTC-23-022007 and 3DTA-24-00238.

Evans's argument refers to consolidation of these appeals with CAAP-25-0000095, an appeal from JIMS case no. 3FDA-24-0000886 in which Evans petitioned for an order for protection against Sheldon Waipa. Evans never moved to consolidate these appeals with CAAP-25-0000095. Her tenth point of error is not supported by the record in the appeals before us.

**(11)** Evans's eleventh supplemental argument appears related to her tenth point of error. She does not state "where in the record the alleged error occurred . . . [or] where in the record the alleged error was objected to or the manner in which the alleged error was brought to the attention of the court[.]" HRAP Rule 28(b)(4). Nor does her argument provide "citations to the . . . parts of the record relied on." HRAP Rule 28(b)(7). We disregard her argument.

The April 25, 2024 *Judgment and Notice of Entry of Judgment* entered in JIMS case no. 3DTC-23-022007 and the April 25, 2024 *Judgment and Notice of Entry of Judgment* entered in JIMS case no. 3DTA-24-00238 are affirmed.

DATED: Honolulu, Hawaiʻi, April 28, 2026.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant
Bonny N. Evans.

Nathan A. Wersal,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee
State of Hawaiʻi.

/s/ Keith K. Hiraoka
Presiding Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge